UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MARIA A. TABRAUE,

        Plaintiff,

v.

BANESCO USA,
a Florida Corporation,

        Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff MARIA A. TABRAUE and states as follows:

## INTRODUCTION

1. This is a Complaint pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 (2014), *et seq.*, for the recovery of unpaid overtime wages, liquidated damages, attorney's fees, and costs. The Plaintiff is a former employee of the Defendant, and seeks recovery of overtime pay which was due to her but has remained unpaid. Defendant willfully failed to compensate Plaintiff for overtime pay when it failed to pay Plaintiff for all time worked and failed to pay overtime at a rate of one and one half times the regular rate of pay for all hours worked over 40 during any given week.

2. Plaintiff seeks recovery of the accumulated unpaid overtime for the entire three (3) years prior to December 31, 2013.

## JURISDICTION

3. This action is brought to recover from the defendant unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, 29 U.S.C § 201 et seq., a law of the United States regulating interstate commerce

4. This court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337.

## PARTIES

5. The Plaintiff to this action is identified as follows:

   a) At all relevant times hereto, Plaintiff, MARIA A. TABRAUE (the "Plaintiff"), was a resident of Miami-Dade County, Florida.

   b) Plaintiff was employed by the Defendant from approximately March 13, 2006 until approximately October 6, 2014.

   c) At all relevant times hereto, Plaintiff was entitled to the rights, benefits and protections of the FLSA, and was not an exempt employee under 29 U.S.C. § 213(2014).

   d) At all relevant times hereto, Plaintiff was a non-exempt employee of Defendant who worked in excess of forty (40) hours during one (1) or more weeks beginning on or after more than three (3) years prior to December 31, 2013.

   e) Plaintiff was at all relevant times hereto employed by the Defendant in an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s) (2014).

  f)  Specifically, the Plaintiff was employed as a loan operations specialist by the Defendant BANESCO USA at its premises in Miami-Dade County, Florida.

6. The corporate Defendant to this action is as follows:

   i. Defendant, BANESCO USA (the "Defendant"), is a Florida corporation, incorporated in Florida, and is duly authorized to conduct business in the State of Florida.

   ii. The corporate Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce as defined within Sections 203(r) and (s) of the FLSA.

   iii. At all times material hereto, Defendant employed persons who regularly were and are engaged in commerce or in the production of goods for commerce, with the Defendant having annual gross volume of sales or business done of not less than Five Hundred Thousand Dollars ($500,000.00).

   iv. Upon information and belief, the Defendant was aware that it was subject to the provisions of the FLSA.

## **CLAIM FOR UNPAID OVERTIME WAGES**

7. Plaintiff incorporates and realleges paragraphs 1 through 6 as if they were fully restated herein including all subparts.

8. At all times material hereto, Plaintiff was employed by Defendant.

9. Defendant was the "employer" of the Plaintiff as defined in 29 U.S.C. § 203(d) (2014).

10. Plaintiff was an employee of Defendant as defined in 29 U.S.C. § 203(e)(1) (2014).

11. From approximately March 2006 until approximately October 2014, Plaintiff was employed by Defendant as a loan operations specialist.

12. During the three (3) years immediately preceding December 31, 2013, Plaintiff was paid on a flat rate basis, regardless of the actual number of hours worked.

13. In the course of employment with Defendant, Plaintiff worked the number of hours required of her, but was not paid for all hours worked or paid the correctly calculated time and one-half for all hours worked in excess of forty (40) during a work week.

14. Plaintiff routinely worked in excess of forty (40) hours per week during her employment by Defendant.

15. Plaintiff, as a loan operations specialist, was required to be scheduled for a maximum of forty (40) hours per week for each work week.

16. Despite her scheduled hours, Plaintiff routinely worked more than the required forty (40) hours per week.

17. Defendant knew or should have known the hours Plaintiff worked in excess of 40 hours per week.

18. Defendant employed Plaintiff for work weeks longer than forty (40) hours and willfully failed to compensate her for hours worked in excess of forty (40) hours a week at a rate of at least one and one-half times the regular rate at which she was employed, contrary to the requirements of 29 U.S.C. §207(a)(1) (2014).

19. Plaintiff is entitled to be paid for lost time during the weeks in which she worked in excess of forty hours per week and to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per week.

20. Defendant by failing and refusing to pay the overtime wages, as provided by the FLSA, acted willfully and in bad faith and in reckless disregard of the provisions of the FLSA.

21. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of wages for overtime worked for which no payment was received.

22. Defendant acted willfully in failing to pay Plaintiff for all hours actually worked and her overtime compensation as required by the FLSA.

23. Plaintiff is seeking unpaid overtime compensation for the three (3) years immediately preceding December 31, 2013.

24. Plaintiff has retained the services of the undersigned counsel and is obligated to pay the firm a reasonable attorney's fee and costs incurred in this action.

25. Plaintiff seeks recovery of full payment of wages for all time worked such that she receives full payment for overtime as provided in the FLSA for the three (3) years preceding December 31, 2013, an equal amount in liquidated damages, any benefits tied to wages earned, and reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff, MARIA A. TABRAUE, demands judgment against Defendant BANESCO USA as follows:(a) for compensatory damages for lost overtime compensation at the rate required by law, an additional equal amount as liquidated damages, any benefits tied to wages earned, and reasonable attorney's fees and costs pursuant to the FLSA; and (b) for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

Dated: October 16th, 2014.

>       **TRUJILLO VARGAS ORTIZ GONZALEZ, LLLP**
>       815 Ponce De Leon Blvd., Third Floor
>       Coral Gables, Florida 33134
>       Tel: (305) 631-2528
>       Fax: (305) 631-2741
>       Service Email: epleadings@trujillovargas.com
>
>  By: _____/s/_____
>       Anthony C. Hevia, Esq.
>       Fla Bar No.: 41148
>       Email: ahevia@trujillovargas.com